UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTO BONILLA RODRIGUEZ** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **CODY W BARNUM, INTEGRATED TECHNOLOGY, FIRST LINE UTILITIES, INC., PROGRESSIVE EXPRESS INSURANCE COMPANY, AND ABC INSURANCE COMPANY** | **MAGISTRATE** |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, First Line Utilities, Inc., which files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter from the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court.

I.

On September 12, 2022, Plaintiff, Justo Bonilla Rodriguez, filed a personal injury lawsuit against Cody W. Barnum, CTS Consulting, LLC (incorrectly named as "Integrated Technology" in Plaintiffs' Petition for Damages), First Line Utilities, Inc. ("First Line"), Progressive Express Insurance Company, and ABC Insurance Company in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Docket Number 832-845; Div. L, entitled, "*Justo Bonilla Rodriguez versus Cody W Barnum, Integrated Technology, First Line Utilities, INC., Progressive Express Insurance Company, and ABC Insurance Company*" (a copy of the Original Petition for Damages is attached hereto as **Exhibit A**). The lawsuit arises from an automobile accident which occurred on or about September 13, 2021, in Jefferson Parish, Louisiana, between Plaintiff and Mr. Barnum.

1

II.

On May 12, 2023, Plaintiff served their responses to First Line's Interrogatories and Requests for Production, which constituted an "other paper" sufficient to trigger the statutory time period for removal pursuant to 28 U.S.C.A. § 1446(b) (a copy of the May 12, 2023, correspondence to Defendant and Plaintiff's responses to First Line's Interrogatories and Requests for Production, including all medical and billing records produced to date, is attached hereto as **Exhibit B**).

I.  **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

III.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

A.  **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

IV.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

V.

Plaintiff has alleged that he seeks damages for (1) past physical pain and suffering; (2) future physical pain and suffering; (3) past mental pain and suffering; (4) future mental pain and

suffering; (5) medical expenses; (6) future loss of earning capacity; and (7) permanent disability to the body. (*See* Exhibit A, Petition, at ¶ 2).

VI.

Plaintiff has not stipulated in his Petition for Damages or elsewhere that his cause of action does not exceed $75,000, exclusive of interest and costs, as required by La. C.C.P. art. 893, nor has Plaintiff averred or offered a binding stipulation that he affirmatively renounces the right to accept a judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, 2006 WL 1581272 (E.D. La June 7, 2006) (Vance, J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al*., No. 08-4714, 2008 WL 5264024 (E.D. La. Dec. 18, 2008) (Africk, J.).

VII.

Medical records and bills produced with Plaintiff's discovery responses indicate (1) Plaintiff underwent an MRI revealing disc herniations at C5-6, C6-7, and L4-5 with foraminal stenosis at L4-5 (*See* **Exhibit B**, at p. 102-104); (2) Plaintiff attended approximately 46 chiropractic therapy sessions between September 27, 2021, and March 2, 2022 (*See* **Exhibit B**, at p. 132-135); (3) Plaintiff's pain management physician, Dr. Steve Lee, scheduled a cervical ESI following Plaintiff's March 31, 2022, appointment and indicated that Plaintiff could be a candidate for medial branch blocks and rhizotomies in the cervical and lumbar spine pending the results of the ESI (*See* **Exhibit B**, at p. 140-44); (4) Plaintiff claimed he has continued to experience pain in his neck and back and is still receiving treatment, including an appointment at Alliance Medical Center on May 25, 2023 (*See* **Exhibit B**, at p. 7, Plaintiff's Response to Interrogatory No. 10); and (5) Plaintiff has incurred at least $15,204 in medical expenses to date (*See* **Exhibit B**, at p. 132-136; 145).

VIII.

Several relatively recent Louisiana federal court decisions have found that in cases where the removing defendant shows a plaintiff has sustained herniated disc injuries, alleges ongoing pain, and seeks both general and special damages, the defendant has met its burden of proving diversity jurisdiction is proper. *See, e.g.*, *Smith v. Domilise*, No. 21-1409, 2021 WL 4707571, at *3 (E.D. La. Oct. 8, 2021) (holding amount in controversy requirement satisfied where plaintiff suffered multiple cervical disc injuries, incurred $8,908 in medical specials, and was still treating for injuries); *Wells v. Oakley Trucking, Inc.*, No. 18-5056, 2018 WL 3640874, at *2-3 (E.D. La. Aug. 1, 2018) (collecting state court cases and finding amount in controversy met where plaintiff sustained multiple herniated disc injuries); *Thomas v. Louis Dreyfus Commodities, LLC*, 2016 WL 1317937, at *4-5 (same).

IX.

Thus, Defendants have conclusively established that the total amount in controversy in this matter exceeds $75,000, exclusive of interests and legal costs.

**B.    COMPLETE DIVERSITY EXISTS**

X.

Defendant, Cody Barnum, is a person of full age of majority who is domiciled in the State of Texas and is a citizen of Texas.

XI.

Defendant, CTS Consulting, LLC (incorrectly named as "Integrated Technology" in Plaintiff's Petition for Damages), is a Texas limited liability company whose sole member is Joshua Roy, who is a citizen of Texas. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*,

4

542 F.3d 1077, 1080 (5th Cir. 2008). Thus, because the sole member of CTS Consulting, LLC, is a citizen of Texas, CTS Consulting, LLC, is a citizen of Texas.

XII.

Defendant, First Line Utilities, Inc., is a Florida corporation with its principal place of business located in Florida. Thus, First Line Utilities, Inc., is a citizen of Florida.

XIII.

Defendant, Progressive Express Insurance Company, is an Ohio corporation with its principal place of business in Ohio. Thus, Progressive Express Insurance Company is a citizen of Ohio.

XIV.

In determining whether a civil action is removable, the citizenship of parties with fictitious names must be disregarded pursuant to 28 U.S.C.A. § 1441(b)(1). *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019); 28 U.S.C.A. § 1441(b)(1).

XV.

Because Defendant, "ABC Insurance Company" is a party with a fictitious name, its citizenship must be disregarded for removal purposes. *See, e.g.*, *Beiriger v. Medtronic Dofamor Danek USA, Inc.*, No. 17-742, 2017 WL 8944085, at *4 (M.D. La. Nov. 30, 2017) (finding "XYZ Insurance Company" was a fictitiously named defendant and did not consider citizenship in determining whether subject matter jurisdiction existed).

XVI.

Thus, there is complete diversity between Plaintiff and Defendants. As of the date of this filing of this Notice of Removal, Plaintiff has not named any other parties as defendants.

## II.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XVII.

Because Defendant received Plaintiff's responses to its Interrogatories and Requests for Production on May 12, 2023, Defendants have timely removed this matter in accordance with 28 U.S.C.A. § 1446(b).[1] *See* **Exhibit B**, at p. 1.

XVIII.

Defendant, Progressive Express Insurance Company, has consented to the removal of this matter. **Exhibit C**, Correspondence with Counsel for Progressive.

XIX.

Because Cody Barnum and CTS Consulting, LLC, have not been properly served, their consent is not required for removal of this matter.

XX.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein Plaintiff's alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and Plaintiff is diverse from the Defendants.

XXI.

No previous application has been made for the relief requested herein.

XXII.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil

---

[1] Defendant notes that the 30th day from receipt of the responses is June 11, 2023. However, because June 11, 2023, falls on a Sunday, Defendant's deadline to file the instant Notice is June 12, 2023, pursuant to FRCP 6(a)(1)(C).

Procedure and Uniform Local Rules of the District Courts.

## JURY DEMAND

XXIII.

Defendant requests a trial by jury on all issues herein.

WHEREFORE, Defendant, First Line Utilities, Inc., prays that the action entitled, *"Justo Bonilla Rodriguez versus Cody W Barnum, Integrated Technology, First Line Utilities, INC., Progressive Express Insurance Company, and ABC Insurance Company"* Docket Number 832-845, Div. L, and pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed from the state court docket to the United States District Court for the Eastern District of Louisiana.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
| I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, electronic mail, or facsimile transmission, this 12th day of June, 2023, at their last known address of record. | **PERRIER & LACOSTE, L.L.C.**<br><br>*/s/ Paul W. Freese*<br>_____<br>**NATHAN M. GAUDET, #30514**<br>**PAUL W. FREESE, #39886**<br>365 Canal Street, Suite 2550<br>New Orleans, Louisiana 70130<br>rlacoste@perrierlacoste.com<br>pfreese@perrierlacoste.com<br>Tel: (504) 212-8820<br>Fax: (504) 212-8825<br>***ATTORNEYS FOR DEFENDANT,***<br>***FIRST LINE UTILITIES, INC.*** |
| */s/ Paul W. Freese*<br>_____<br>**PAUL W. FREESE, #39886** | |